IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:20-cv-00016-MR-WCM

| | |
|---|---|
| **MATTHEW HODGE,** ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> **NORTH CAROLINA DEPARTMENT** ) <br> **OF PUBLIC SAFETY and DIVISION** ) <br> **OF ADULT CORRECTION AND** ) <br> **JUVENILE JUSTICE,** ) <br> ) <br> Defendants. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendants' Motion to Seal Certain Documents Filed in Support of Defendants' Motion for Summary Judgment [Doc. 32].

The Defendants move for leave to file under seal certain exhibits to their motion for summary judgment. [Doc. 32].

The press and the public have, under both the First Amendment and the common law, a qualified right of access to judicial documents and records filed in civil and criminal proceedings. Doe v. Public Citizen, 749 F.3d 246, 265 (4th Cir. 2014). "The common-law presumptive right of access extends to all judicial documents and records, and the presumption can be

rebutted only by showing that 'countervailing interests heavily outweigh the public interests in access.'" Id. at 265-66 (quoting in part Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988)). The First Amendment right of access "may be restricted only if closure is 'necessitated by a compelling government interest' and the denial of access is 'narrowly tailored to serve that interest.'" Id. at 266 (quoting in part In re Wash. Post Co., 807 F.2d 383, 390 (4th Cir. 1986)).

When presented with a motion to seal, the law of this Circuit requires this Court to: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

In the present case, the public has been provided with adequate notice and an opportunity to object to the Defendants' motion. The motion was filed on January 27, 2021, and it has been accessible to the public through the Court's electronic case filing system since that time. Further, the Defendants have demonstrated that the exhibits at issue are DPS personnel records that North Carolina law prohibits from being publicly disclosed, and that the

2

Case 1:20-cv-00016-MR-WCM   Document 36   Filed 02/10/21   Page 2 of 3

public's right of access to such information is substantially outweighed by the compelling interest in protecting the details of such information from public disclosure. Finally, having considered less drastic alternatives to sealing the documents, the Court concludes that the sealing of these exhibits is narrowly tailored to serve the interest of protecting this sensitive information.

**IT IS THEREFORE ORDERED** that the Defendants' Motion to Seal Certain Documents Filed in Support of Defendants' Motion for Summary Judgment [Doc. 32] is **GRANTED**, and Exhibit A to Declaration of Harold Reep, Exhibit B to the Declaration of Larry Godwin, and Exhibit C to the Declaration of Larry Godwin Judgment shall be filed under seal and shall remain under seal until further Order of this Court.

**IT IS SO ORDERED.**

Signed: February 9, 2021

Martin Reidinger
Chief United States District Judge